# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>GUILLERMO LOPEZ-CASILLAS<br><br>    Defendant. | **MEMORADUM DECISION AND ORDER REGARDING THE DEFENDANT'S SUPPLEMENTAL AUTHORITIES FILING**<br><br>Case No. 2:15-cr-00488-JNP<br><br>District Judge Jill N. Parrish |

Defendant Guillermo Lopez-Casillas moved to continue his sentencing hearing, arguing that he had made an oral motion for a mistrial and asserting that the court was waiting for a transcript to rule on it. [Docket 127]. The court issued an order clarifying that no motion was pending and stating that if Mr. Lopez-Casillas wished to file a motion for a mistrial, he had until September 18, 2017 to do so. [Docket 134]. Mr. Lopez-Casillas failed to file a motion for mistrial. Instead, he filed a document entitled "Defendant's Supplemental Authorities in Support of Motion for Mistrial." The document incorrectly asserted that an oral motion had been made at trial and purported to list legal authorities in support of the oral motion. [Docket 135]. The government filed a response brief arguing that no motion was pending and that Mr. Lopez-Casillas' brief failed to identify the misconduct that purportedly justified a mistrial. [Docket 143]. Mr. Lopez-Casillas did not file a reply brief.

The court agrees with the government that Mr. Lopez-Casillas has neither moved for a mistrial nor identified any statement or statements made by the government during closing arguments that would warrant a mistrial. Even if the court interprets the document filed by Mr.

Lopez-Casillas as a motion for a mistrial, he fails to explain what the prosecutors said that violated his rights. Absent this information, the government cannot reasonably respond to Mr. Lopez-Casillas' request for a mistrial. For this reason, the court denies the request.

Moreover, it appears that a motion for a mistrial would fail on the merits. From defense counsel's comments at trial and the arguments contained in his supplemental authorities, it looks as if Mr. Lopez-Casillas objects to the following statement made by one of the prosecutors during oral argument:

> If [Mr. Lopez-Casillas] didn't know those drugs were in his car, his response, his actions, those of a reasonable person, common sense would tell us that he would protest, he would complain, he would say how does drugs get in my car, where did those come from. That wasn't his response. He wasn't at all surprised. His response was the f-ing windows and no plates, and don't say a thing. His actions tell you he knew. His words tell you he knew.

[Tr. 172]. From the legal authorities cited in Mr. Lopez Casillas' filing, it is likely that he intended to argue that the prosecutor's comments constituted improper references to his pretrial silence.

A Tenth Circuit opinion examining a remarkably similar fact pattern shows that the prosecutor's comments were not improper. In *United States v. Bennett*, a prisoner was convicted of knowing possession of a substantial quantity of marijuana in his cell. 542 F.2d 63, 64 (10th Cir. 1976). The prisoner argued that he was entitled to a mistrial because during closing argument the prosecutor improperly referenced the fact that he had exercised his right to remain silent. *Id.* In that case, the prosecutor said: "And consider, too, what the Defendant said when this search was being conducted. When the search was conducted, he says, 'Oh, hell!' The Defendant didn't say, 'Oh, my gosh! How did those get there?' Defendant doesn't say, 'How did those get there?'" *Id.* The Tenth Circuit held that the prosecutor did not make an inappropriate reference to the prisoner's silence. The prisoner had chosen to speak when confronted with the presence of

2

drugs in his cell and the prosecutor was entitled to reference his comment and to argue what the comment indicated about his knowledge of the marijuana hidden in his cell:

> [W]e consider it of significance here that appellant spoke a little, but not much. Appellant could have remained entirely silent, in which case comment on that fact by the prosecutor would not have been proper. He chose to express himself, however, and testimony as to what he did say was in evidence. As such it was a fair subject for comment by the prosecutor. The latitude to be afforded the prosecutor in closing argument includes permission to draw inferences from the evidence as to appellant's state of mind at pertinent times.

*Id.* at 64–65 (citations omitted).

Mr. Lopez Casillas likewise chose to speak when he saw that the troopers had discovered a hidden compartment in his car that contained a large amount of drugs. His comments were properly in evidence, and the prosecutor was entitled to reference his statement and argue how the words he selected reflected his knowledge that drugs could be found in the hidden compartment of his car. The prosecutor in this case, therefore, did not make an improper statement that could warrant a mistrial.

For the reasons stated above, the court rules that Mr. Lopez-Casillas has failed to move for a mistrial. To the extent his counsel's statements at trial or the supplemental authorities filing could be construed as a motion for mistrial, that motion would be denied.

DATED October 24, 2017.

                                              BY THE COURT

                                              _____
                                              Jill N. Parrish
                                              United States District Court Judge